UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIAN FELICIANO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1356 |
| v. | : | (JUDGE MANNION) |
| SPIRIT TRIBE, INC., | : | |
| Defendant | : | |

**MEMORANDUM**

**I. Background**

On August 5, 2019, plaintiff Adrian Feliciano filed, through counsel Richard Liebowitz, a complaint against defendant Spirit Tribe, Inc., alleging copyright infringement under the Copyright Act, 17 U.S.C. §101, *et seq*., based on defendant's unauthorized reproduction and public display of a copyrighted photograph owned and registered by plaintiff. Plaintiff seeks monetary damages against defendant. (Doc. 1).

On August 6, 2019, the clerk of court issued the summons and provided it to plaintiff's counsel for service of the complaint on defendant. (Doc. 3).

Since no return of service was filed by plaintiff within 120 days of the issuance of the summons, the court issued an Order on December 5, 2019,

directing plaintiff to file a status report regarding service of his complaint on defendant. (Doc. 5).

Plaintiff failed to abide by the court's Order and did not file any status report. Nor did plaintiff serve defendant or request an extension of time to file his status report. Rather, plaintiff simply ignored the court's Order.

On July 27, 2020, plaintiff's counsel filed a Notice to the court indicating that Judge Furman of the District Court for the Southern District of New York directed him to file a copy of his Opinion and Order in a case before him in all of counsel's other pending cases. (Doc. 6). In his Opinion, Judge Furman states, in part, that "[Liebowitz] has become one of the most frequently sanctioned lawyers, if not *the* most frequently sanctioned lawyer, in the District" and that "Judges in this District and elsewhere have spent untold hours addressing Mr. Liebowitz's misconduct, which includes repeated violations of court orders and outright dishonesty, sometimes under oath." The Opinion also states that "[Liebowitz] has been called 'a copyright troll'", and "a clear and present danger to the fair and efficient administration of justice." In his Notice, plaintiff's counsel did not address his failure to serve defendant in this case or his failure to file a status report as ordered.

The court will now, *sua sponte*, dismiss this action pursuant to Fed.R.Civ.P. 41(b) due to plaintiff's failure to prosecute his case and

failure to comply with the Court's Order. To date, Plaintiff has failed to respond to this Court's December 5, 2019 Order by filing a status report as directed. Further, plaintiff has failed to serve his complaint with the summons on the defendant. Nor has he requested an extension of time to do so. In fact, plaintiff has not filed anything in this action regarding this case since the filing of his complaint one year ago. Thus, the Court concludes that plaintiff has abandoned his action, and after considering the relevant factors, will dismiss this case for plaintiff's failure to prosecute.

## II. Discussion

If the plaintiff fails to prosecute a case or to comply with court rules or court orders, pursuant to Fed.R.Civ.P. 41(b), the Court may dismiss the action. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). But that discretion, while broad,

is governed by the following factors, commonly referred to as Poulis factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. No single factor is dispositive, Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). In this case, an assessment of the Poulis factors weighs in favor of dismissing this action.

The first Poulis factor is the extent of the party's personal responsibility. A plaintiff represented by counsel is clearly personally responsible for failure to comply with the Court's rules and orders. In this case, plaintiff is responsible for his failure to file a status report as ordered by the Court and for failing to serve defendant within the time required by Fed.R.Civ.P. 4.

The second Poulis factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Scarborough v. Eubanks, 747 F.2d

871, 876 (3d Cir. 1984). Prejudice for purposes of the Poulis analysis, however, does not mean irremediable harm. Ware, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. In this case, plaintiff's failure to litigate his case and comply with rules of court and the court's Order frustrates and delays resolution of this action, and so, such failure to litigate for one year can constitute to prejudice the defendant, who seeks a timely resolution of the case.

The third Poulis factor is a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" Briscoe, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." Id. at 875. In this case, plaintiff's failure to serve defendant as well as his failure to respond to the court's Order for almost eight months, demonstrates a history of dilatoriness. In fact, plaintiff has not communicated with the Court regarding this case since the filing of his complaint on August 5, 2019.

The fourth Poulis factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Here, plaintiff was ordered to file a status report by December 16, 2019, but he did not do so. Nor has he communicated with the Court with respect to the instant case in any manner for one year. Plaintiff's silence and failure to litigate this action lead to an inference that he has willfully abandoned this case.

The fifth Poulis factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. Poulis, 747 F.2d at 868. Although it is not clear if monetary sanctions, including attorney's fees and costs, would be an effective sanction in this case, plaintiff's failure to prosecute this action, even in the face of an Order regarding the service of his complaint, leads to an inference that further orders to him would not be effective. In this case, it appears that the only effective sanction is dismissal.

The sixth Poulis factor is the meritoriousness of the claim. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. It is not clear if plaintiff's copyright infringement claims have any merit.

Consequently, five of the Poulis factors weigh in favor of dismissing plaintiff's complaint for failure to prosecute.

### III. Conclusion

Despite being ordered to file a status report regarding service on the defendant, plaintiff failed to respond to the Order and he failed to serve defendant. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. Five of the Poulis factors weigh in favor of dismissing plaintiff's complaint for failure to prosecute. An appropriate Order will be issued.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 14, 2020**
19-1356-01